IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA    )
    )
    Plaintiff,    )
    )
    v.    )    Case No. 18-1197
    )
DEFENDANT NO. 1:    )
APPROXIMATELY $27,633.00.00    )
IN UNITED STATES CURRENCY;    )
    )
DEFENDANT NO. 2:    )
APPROXIMATELY $9,573.30    )
IN UNITED STATES CURRENCY,    )
    )
    Defendant.    )
_____)

## **COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys,

Stephen R. McAllister, United States Attorney for the District of Kansas, and

Sean M.A. Hatfield, Special Assistant United States Attorney, brings this

complaint and alleges as follows in accordance with Supplemental Rule G(2)

of the Federal Rules of Civil Procedure:

## **NATURE OF THE ACTION**

1.    This is an action to forfeit and condemn to the use and benefit of

the United States of America the following property: Defendant 1:

approximately $27,633.00 in United States currency and Defendant 2:

approximately $9,573.30 in United States currency (hereinafter "defendant

assets"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2.    The defendant assets consist of approximately $27, 633.00 and

$9,573.30 in United States currency respectively, seized on December 3, 2017

by the Johnson County Sheriff's Department during a routine traffic stop of a

vehicle driven by Dominic Serrone on northbound I-35 near 175th Street in

Gardner, Johnson County, Kansas.  The currency is currently in the custody

of the United States Marshal Service.

## JURISDICTION AND VENUE

3.    Plaintiff brings this action in rem in its own right to forfeit and

condemn the defendant assets.  This Court has jurisdiction over an action

commenced by the United States under 28 U.S.C. § 1345, and over an action

for forfeiture under 28 U.S.C. § 1355.

4.    This Court has in rem jurisdiction over the defendant assets

under 28 U.S.C. § 1355(b).  Upon filing this complaint, the plaintiff requests

that the Court issue an arrest warrant in rem pursuant to Supplemental

Rule G(3)(b), which the plaintiff will execute upon the assets pursuant to 28

U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.    Venue is proper in this district pursuant to 28 U.S.C.

§ 1355(b)(1), because the acts or omissions giving rise to the forfeiture

2

occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the

defendant assets are located in the district.

## BASIS FOR FORFEITURE

6.     The defendant assets are subject to forfeiture pursuant to 21

U.S.C. § 881(a)(6) because they constitute 1) money, negotiable instruments,

securities and other things of value furnished or intended to be furnished in

exchange for a controlled substance in violation of the Controlled Substances

Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money,

negotiable instruments, and securities used or intended to be used to

facilitate a violation of the Controlled Substances Act.

## FACTS

7.     Supplemental Rule G(2)(f) requires this complaint to state

sufficiently detailed facts to support a reasonable belief that the government

will be able to meet its burden of proof at trial.  Such facts and circumstances

supporting the seizure and forfeiture of the defendant assets are contained in

Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for

the arrest of the defendant assets; that notice of this action be given to all

persons who reasonably appear to be potential claimants of interests in the

assets; that the defendant assets be forfeited and condemned to the United

States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

SEAN M.A. HATFIELD
Ks. S. Ct. No. 24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
T: (316) 269-6481
F: (316) 269-6484
sean.hatfield@usdoj.gov

4

## DECLARATION

I, Martin H. Dye, am a Task Force Officer with the Drug Enforcement Administration in the Western District of Missouri.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _5th_ day of July, 2018.

Martin H. Dye
Task Force Officer
Drug Enforcement Administration

5

## AFFIDAVIT IN SUPPORT OF A COMPLAINT FOR FORFEITURE

I, Martin H. Dye, being first duly sworn, depose and state:

1.  I have been employed as a Lafayette County, Missouri, Sheriff's Deputy for 12 years and have been cross-designated as a DEA Task Force Officer for 2 years.   My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2.  The information contained in this affidavit is known to me through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a civil forfeiture proceeding for the forfeiture of:

    A.  Approximately $27,633.00 in United States currency seized on December 3, 2017, from Dominic SERRONE; and

    B.  Approximately $9,573.30 in United States currency seized on December 3, 2017, from Justin SHELTON.

3.  On December 3, 2017, Johnson County, Kansas, Sheriff's Deputy Wesley Peel, stopped a black 2015 Cadillac Escalade bearing Missouri registration MR4 B0Z, on northbound I-35 near 175th Street in Gardner, Johnson County, Kansas. The reason for the stop was for exceeding the posted speed limit.

4.  The driver, Dominic SERRONE and passenger, Justin SHELTON, were identified by their Missouri driver licenses produced to Deputy Peel.  While standing at the window of SERRONE's Escalade, Deputy Peel could smell the odor of fresh marijuana coming from the interior of the vehicle.  Deputy Peel noted several inconsistences in SERRONE's statements.

1

5.  After a backup officer arrived, Deputy Peel contacted SERRONE and spoke with him about the odor of marijuana coming from within his vehicle. SERRONE admitted to Deputy Peel that he had a small baggy of marijuana in his vehicle and offered to get it for Deputy Peel. After being placed into handcuffs by Deputy Peel, SERRONE was searched by Deputy Peel for officer safety. Deputy Peel located a large amount of United States Currency (USC) in SERRONE's left pant pocket.

6.  When asked by Deputy Peel about the USC, SERRONE stated it was approximately $5,000.00 in USC and he carries that amount of cash with him because he owns a liquor store. Deputy Peel contacted SHELTON at the vehicle and SHELTON stated he did not have any marijuana with him, but he had smoked marijuana. SHELTON stated to Deputy Peel that his belongings in the vehicle were a backpack in the front passenger floorboard and a leather bag in the back seat on the passenger side. While placing SHELTON in custody, Deputy Peel located USC on SHELTON's person and SHELTON stated he had more USC in his backpack.

7.  While searching the Escalade, Deputy Peel located a large, black duffel bag in the rear cargo area of the Escalade. Within this duffel bag, Deputy Peel located three more bags. Within these three bags, Deputy Peel discovered an unknown amount of USC. This USC was of different denominations and were rubber banded in bundles, consistent to Deputy Peel's training and experience as drug proceeds. Deputy Peel also noted the insides of the duffel bags had an odor of marijuana coming from within.

8.  Deputy Peel also searched the backpack SHELTON had claimed on the front passenger seat floorboard. Deputy Peel located more USC of different denominations, folded over with rubber bands holding it together. Deputy Peel also located small pieces of

marijuana "shake" at the bottom of the backpack. "Shake" is a terminology used to describe the small pieces of marijuana that flake off marijuana buds, commonly found loose at the bottom of the bag or container the marijuana is stored in.

9. SERRONE was advised of his Miranda Rights, after which he requested to speak with an attorney. SHELTON was also advised of his Miranda Rights, which he waived. SHELTON advised Deputy Peel and claimed no knowledge of the USC located within the Escalade. Deputy Peel did locate a Zip Lock style baggy that contained marijuana. Deputy Peel later placed the USC in a sterile environment and had a police K-9 conduct a free air sniff of the USC. The police K-9 alerted a positive response for narcotics associated to the USC.

10. On December 14, 2017, the USC was taken to Dunbar Armored Services in Kansas City, Missouri for an official count by TFO Dye and DEA TFO James Garrett. The official count by Dunbar totaled $37,206.30 USC. Of this amount, $27,633.00 USC was seized from SERRONE and $9,573.30 USC was seized from SHELTON.

11. Based on the information above, I have probable cause to believe that the $37,206.30 seized in this investigation by Deputy Peel constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq. Accordingly, the $27,633.00 USC seized from SERRONE and $9,573.30 USC seized from SHELTON are subject to forfeiture pursuant to 21 U.S.C. § 881.

Martin H. Dye, TFO
DEA

3

Sworn to and subscribed before me this _5th_ day of July, 2018.

_Merry L Baxter_
Notary Public

My Commission Expires: _____

NOTARY PUBLIC - State of Kansas
MERRY L. BAXTER
My Appt. Expires 2-2-2022

4